UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WARREN AIKEN, JR.,

Plaintiff,

v. Case No. 3:07-cv-558-J-12HTS

MR. DAVIS, et al.,

Defendants.

**ORDER**

Plaintiff, an inmate of the Florida penal system who is proceeding pro se and in forma pauperis, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983. Upon review of the Complaint, this case will be dismissed as frivolous.

First of all, the Complaint is indecipherable. In the style of the case, Plaintiff lists U. S. Supreme Court Judge: Miss Ana T. Gardiner, U. S. Prosecutor Magistrate: Timothy Corrigan and Division Administrative Judge Howard C. Forman in the area to list

Plaintiffs in this action. He then lists himself as "Witness Pursuit Claim: Warren Aiken Junior." Under Defendants, Plaintiff identified the following persons as Respondents: Correctional Staff C.O., Mr. Davis, B/M; Correctional Ex-Lieutenant, Miss Ruden, W/F; Correctional Official, Miss White, W/F; and Offense Inmate Name, Ali Hillery, B/M, #514236(J). He also lists himself underneath the list of Respondents as "Witness Defense: Warren Aiken Junior, D. C. Number: 638376."

Additionally, in the portion of the Complaint where Plaintiff was instructed to list the names and addresses of the Plaintiffs and Defendants in the action, he lists himself as a Plaintiff, again describing himself as "Witness Pursuit Claim." He also lists Miss Cook, W/F, Classification I.C.T. Teammaker as a Plaintiff. He refers to himself again as a "Deadline Custody Case Witness." For Defendants, he lists himself as a "witness trial defendant." He lists himself again as a defendant and "self employed." The final four defendants are listed as respondents located at Columbia Correctional Institution: Case Manager Miss Weaver, Correctional Officer Mr. Davis, Correctional Staff Member Mr. Lee and Ex-Captain Miss Ruden.

Under the Statement of Claim portion of the Complaint, Plaintiff fails to state any rights under the Constitution, laws or treaties of the United States that have been violated. No claims are mentioned. Instead, Plaintiff lists Ali Hillery, an inmate and

"witness victim offense," Nathaniel Crosby, an inmate witness respondent, Correctional Officer Mr. Davis, Correctional Staff Assistant Miss Dawkins, Correctional Staff Ex-Captain of Security Miss Ruden and Correctional Staff Member Mr. Lee.

The Statement of Facts are also confusing and unclear. Plaintiff states that the inmate victim is Ali Hillery. He describes himself as "witness pursuit claim."

The only facts alleged are as follows. Plaintiff was in the day room on April 10, 2007, when inmate Nathaniel Crosby threatened Plaintiff and said Plaintiff was a problem to himself and his "homeboy", inmate Ali Hillery. Although not a model of clarity, it appears that a fight ensued between Plaintiff and inmate Hillery. Plaintiff apparently is claiming that Hillery attacked him and he responded in self-defense. Plaintiff was placed in confinement and wants to be released from confinement. It is unclear from Plaintiff's facts whether he was placed in confinement for protection, for an investigation or for punishment. Plaintiff mentions that Miss Ruden "did not filed [sic] a violation disciplinary report investigation on either inmate custody case sense [sic] the incident took place at 4-10-2007 Tuesday."

Under Relief Requested, Plaintiff fails to state briefly what he wants the Court to do or what sort of relief he desires. Instead, his lists the Broward County Jail; "U.S. Supreme Circuit Court Judge: Miss Ana T. Gardiner"; "U.S. Prosecutor Magistrate

Division: Mr. Timothy Corrigan P.A.D."; "U.S. Prosecutor District Marshal Michael Allen Shorstein P.A.D. (Circuit Judge)"; and, George W. Tedder, Sr., Fort Lauderdale, Florida, Parole Division Release Correctional.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (hereinafter PLRA). The PLRA requires the Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless."

Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579 (11th Cir. 1995).

Plaintiff has failed to state a claim of constitutional dimension against any of the correctional officials at Columbia Correctional Institutional. His vague and conclusory allegations do not satisfy the pleading requirements of 42 U.S.C. § 1983. Inmate Ali Hillery is not a person acting under color of state law. Therefore, Petitioner cannot satisfy the first element of a § 1983 claim against inmate Hillery. Much of Plaintiff's complaint is nonsensical and confusing. In sum, a claim my be dismissed as

frivolous when it appears that a plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349. For this reason, this case will be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice and close this case.

**DONE AND ORDERED** in chambers in Jacksonville, Florida, this 3RD day of July, 2007.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

sa 7/2
c:
Warren Aiken, Jr.